## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| INGA DOW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-01209-P |
| | § | |
| KELLER WILLIAMS REALTY, INC., | § | |
| JOHN DAVIS, GO MANAGEMENT, LLC, | § | |
| DAVID OSBORN, SMOKEY GARRETT, | § | |
| AND GARY KELLER, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS KELLER WILLIAMS REALTY, INC. AND GARY KELLER'S CASE LAW APPENDIX IN SUPPORT OF THEIR MOTION TO STRIKE PURSUANT TO FRCP 12(b)(6), SUBJECT TO THEIR MOTION TO COMPEL ARBITRATION

| CASE LAW | APPENDIX PAGE |
|---|---|
| *Bryant v. Lubbock Indep. Sch. Dist.*, Civil Action No. 5:04-CV-083-C, 2004 U.S. Dist. LEXIS 7184, at *11-12 (N.D. Tex. 2004) | APP. 1 – 13 |
| *Pierce v. Sys. Grp.*, No. 19-138, 2020 U.S. Dist. LEXIS 182591, * 5 (E.D. La. Oct. 1, 2020) | APP. 14 – 17 |
| *Sefton v. Jew, 204 F.R.D. 104, 2000 U.S. Dist. LEXIS 21714 (W.D. Tex. 2000)* | APP. 18 – 25 |

Respectfully submitted,

By:  /s/ Kristin L. Bauer
Kristin L. Bauer
Texas Bar No. 24006813
Kristin.Bauer@jacksonlewis.com
Claire L. Cook
Texas Bar No. 24086220
Clair.Cook@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2008

**ATTORNEYS FOR DEFENDANTS
KELLER WILLIAMS REALTY, INC.
AND GARY KELLER**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on March 1, 2022.

Michael Y. Kim
Ericha Ramsey Brown
Monica L. Narvaez
Eduardo R. Garza
THE MICHAEL KIM LAW FIRM, PLLC
4236 W. Lovers Lane
Dallas, Texas 75209
mkim@mkimlegal.com
erbrown@mkimlegal.com
mnarvaez@mkimlegal.com
egarza@mkimlegal.com

**Attorneys for Plaintiff**

James T. Drakeley
Laurie N. Patton
SPENCER FANE LLP
5700 Granite Parkway, Ste. 650
Plano, TX 75024
jdrakeley@spencerfane.com
lpatton@spencerfane.com

**Attorneys for Defendant John
Davis**

A. Boone Almanza
Tanya Robinson
ALMANZA, BLACKBURN, DICKIE
& MITCHELL LLP
2301 S. Capital of Texas Hwy., Bldg. H
Austin, Texas 78746
TRobinson@abdmlaw.com
BAlmanza@abdmlaw.com

**Attorneys For Defendants
Go Management LLC, David
Osborn, And Smokey Garrett**

/s/ Kristin L. Bauer
Kristin L. Bauer

 Positive

As of: March 1, 2022 11:12 PM Z

# *Bryant v. Lubbock Indep. Sch. Dist.*

United States District Court for the Northern District of Texas, Lubbock Division

April 26, 2004, Decided ; April 26, 2004, Filed

Civil Action No. 5:04-CV-083-C

### Reporter

2004 U.S. Dist. LEXIS 7184 *; 2004 WL 884471

LINDA M. BRYANT, a Married Person, and DONALD S. BRYANT JR., a Married Person, Plaintiffs, v. LUBBOCK INDEPENDENT SCHOOL DISTRICT, et al., Defendants.

**Prior History:** *Bryant v. Lubbock Indep. Sch. Dist., 2004 U.S. Dist. LEXIS 30120 (N.D. Tex., Apr. 23, 2004)*

**Disposition:** Defendant's motion to dismiss granted in part and denied in part. Defendant's altrnative motions to strike and for more definite statement denied.

## Core Terms

motion to dismiss, definite statement, allegations, rights, alternative motion, official capacity, Reply, non-civil, notice, civil rights violation, individual capacity, failure to state a claim, qualified immunity, immunity, waive, responsive pleading, immaterial

## Case Summary

### Procedural Posture

Plaintiffs, a teacher and her husband, sued defendants, a school board superintendent, the board's president, the board members, and their spouses, alleging unspecified civil rights violations, intimidation, conspiracy, and obstruction of justice, as well as violations of federal racketeering law. Defendants filed motions to dismiss and alternatively to strike and for a more definite statement. Plaintiffs contested these motions.

### Overview

The complaint averred that defendants violated the teacher's civil rights, and that they intimidated her to force her to resign by threatening phone calls, misleading statements, and false statements about her character and work ethic. The court denied the motion for a more definite statement because the information could be obtained in discovery, and the motion to strike because the allegations were not immaterial to the lawsuit or prejudicial to defendants. The court dismissed the claims against the spouses. There was no possible cause of action whereby they might be liable. The non-civil rights claims against the remaining defendants in their official capacities were barred by sovereign immunity. Although dismissal was denied as to the non-civil rights claims against the remaining defendants in their individual capacities, the court granted defendants' motion for a *Fed. R. Civ. P. 7(a)* reply. However, the court granted dismissal without prejudice of the civil rights claims against the remaining defendants. These claims were vague, they failed to give proper notice as to their nature, and they failed to allege the required elements of a constitutional violation.

### Outcome

The court denied the motions to strike and for a more definite statement. The court granted the motion to dismiss all claims against defendants' spouses and all claims against defendants in their official capacities. The court denied the motion to dismiss the non-civil rights claims against defendants in their individual capacities, but granted the motion to dismiss the civil rights claims against defendants in their individual capacities.

## LexisNexis® Headnotes

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

### HN1[⤓] Motions to Dismiss, Failure to State Claim

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Fed. R. Civ. P. 12(b)(6)*. The test for determining the sufficiency of a complaint under *Rule 12(b)(6)* is as follows: A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Subsumed within the rigorous standard is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. The plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true. When considering a *Rule 12(b)(6)* motion to dismiss for

failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory.

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Defects of Form

### HN2[⤓] Defenses, Demurrers & Objections, Defects of Form

See *Fed. R. Civ. P. 12(e)*.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Defects of Form

### HN3[⤓] Standards of Review, Abuse of Discretion

If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under *Fed. R. Civ. P. 12(e)*. A motion for more definite statement should not be granted if the information a party wishes to obtain can be obtained through discovery. Orders made pursuant to a motion for more definite statement under *Rule 12(e)* are reviewed under the abuse-of-discretion standard.

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Defects of Form

Civil Procedure > ... > Pleadings > Heightened Pleading Requirements > General Overview

Civil Procedure > ... > Pleadings > Heightened Pleading Requirements > Fraud Claims

*HN4*[⬇] Defenses, Demurrers & Objections, Defects of Form

See U.S. Dist. Ct., N.D. Tex., R. 12.1.

> Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > Immaterial Matters

> Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > General Overview

> Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > Redundant Matters

> Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > Scandalous Matters

*HN5*[⬇] Motions to Strike, Immaterial Matters

See *Fed. R. Civ. P. 12(f)*.

> Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > Immaterial Matters

> Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > General Overview

*HN6*[⬇] Motions to Strike, Immaterial Matters

A *Fed. R. Civ. P. 12(f)* motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy. Accordingly, such a motion should only be granted when the allegations are prejudicial to the defendant or immaterial to the lawsuit. The movant establishes immateriality by showing the challenged allegations can have no possible bearing upon the subject matter of the litigation.

> Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

> Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

*HN7*[⬇] Complaints, Requirements for Complaint

*Fed. R. Civ. P. 8(a)* requires a short and plain statement of the claim showing that the plaintiff is entitled to relief. The United States Court of Appeals for the Fifth Circuit has interpreted *Rule 8(a)* as having an insistence upon simple, concise, and direct allegations. Pursuant to *Rule 8(a)*, a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. A complaint which contains a "bare bones" allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice.

> Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

> Governments > Local Governments > Claims By & Against

> Civil Procedure > Pleading & Practice > Motion Practice > Content & Form

> Governments > State & Territorial Governments > Claims By & Against

*HN8*[⬇] Pleadings, Rule Application & Interpretation

Jeremy Salmon

APP. 3

If a defendant raises the defense of qualified immunity, the district court may order the plaintiff, under *Fed. R. Civ. P. 7*, to file a reply tailored to answer the defendant's assertion of qualified immunity. A plaintiff's *Rule 7(a)* reply shall plead with particularity facts focusing specifically on the conduct of the individual who caused the plaintiff's injury. If a plaintiff is ordered to file a *Rule 7(a)* reply, failure to comply with such an order will result in dismissal of a plaintiff's claims against the party alleging the defense of qualified immunity.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > Immaterial Matters

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > General Overview

### *HN9*[⬇] Motions to Strike, Immaterial Matters

A motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy. Accordingly, such a motion should only be granted when the allegations are prejudicial to the defendant or immaterial to the lawsuit.

Constitutional Law > State Sovereign Immunity > Waiver > Consent

Governments > State & Territorial Governments > Claims By & Against

Torts > Public Entity Liability > Immunities > General Overview

Civil Procedure > ... > Federal & State Interrelationships > State Sovereign Immunity > General Overview

Constitutional Law > State Sovereign

Immunity > General Overview

Constitutional Law > State Sovereign Immunity > Waiver > General Overview

### *HN10*[⬇] Waiver, Consent

Generally a state enjoys sovereign immunity from suit unless it has expressly given its consent to be sued. An exception to this rule is the Texas Tort Claims Act (TTCA), *Tex. Civ. Prac. & Rem. Code. Ann. § 101.001 et seq.*, which waives the state's immunity from suit and from liability for certain listed areas. The TTCA waives sovereign immunity in state court only; it does not waive *Eleventh Amendment* immunities to suit in federal courts.

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

### *HN11*[⬇] Complaints, Requirements for Complaint

A plaintiff's complaint must be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > Dismissal > Involuntary Dismissals > Failure to State Claims

### *HN12*[⬇] Motions to Dismiss, Failure to State Claim

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

*HN13*[ ]  **Complaints, Requirements for Complaint**

A plaintiff does not give a defendant proper notice of a claim as required by *Fed. R. Civ. P. 8(a)* when the plaintiff advances an allegation--yet the complaint does not suggest how this is so or allege any facts that tend to support this gratuitous conclusion of law. A court will not accept conclusory allegations concerning the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from his description of what happened. Pursuant to *Rule 8(a)*, a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. A complaint which contains a "bare bones" allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury does not provide adequate notice.

Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

Civil Rights Law > Protection of Rights > Section 1983 Actions > Scope

*HN14*[ ]  **Pleadings, Rule Application & Interpretation**

A district court properly dismisses a plaintiff's *42 U.S.C.S. § 1983* claims when that plaintiff fails to allege required elements of a constitutional violation.

**Counsel:** **[*1]** Linda M Bryant, a married person, Plaintiff, Pro se, Lubbock, TX.

Donald S Bryant, Jr, a married person, Plaintiff, Pro se, Lubbock, TX.

For Lubbock Independent School District of Lubbock, Texas, Mark Griffin, President, Wayne Havens, Superintendent, All Board Members Spouses of the District, Defendants: Ann Manning, McWhorter Cobb & Johnson, Lubbock, TX.

**Judges:** SAM R. CUMMINGS, UNITED STATES DISTRICT JUDGE.

**Opinion by:** SAM R. CUMMINGS

# Opinion

### ORDER

On this day the Court considered Defendants, Mark Griffin, Wayne Havens and Lubbock Independent School District ("LISD") Board Members and Spouses' (collectively "Defendants") Motion to Dismiss, Alternative Motion to Strike and Alternative Motion for a More Definite Statement filed on January 7, 2004. Plaintiffs failed to file a timely response. The Defendants filed their motion to dismiss pursuant to *Federal Rules of Civil Procedure 7(a), 9(a)& (e), and 12(b)(6)*. Defendants filed their alternative motion to strike pursuant to *Federal Rules of Civil Procedure 7(a), 8(a)* **[*2]** *, and 12(f)*. Finally, the Defendants filed their alternative motion for a more definite statement

pursuant to *Federal Rules of Civil Procedure 7(a), 8(a), and 12(e)*. Defendants further based their motions on case law set forth by the Supreme Court of the United States in *Crawford-El v. Britton, 523 U.S. 574, 598, 140 L. Ed. 2d 759, 118 S. Ct. 1584 (1998)* and by the Fifth Circuit in *Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002)*.

## I.

## PROCEDURAL HISTORY

On December 15, 2003, Plaintiffs, Linda M. Bryant and Donald S. Bryant, Jr. (collectively "Plaintiffs"), filed their Complaint against Defendants Lubbock Independent School District ("Defendant LISD"), Mark Griffin, President of the LISD Board ("Defendant Griffin"), Wayne Havens, Superintendent ("Defendant Havens"), and All LISD Board Members' Spouses ("Defendants Spouses"). The Complaint was originally filed in the Dallas Division of the Northern District of Texas. On January 7, 2004, Defendant LISD filed its Motion to Dismiss Subject to Transfer **[*3]** of Venue. All Defendants joined in a Motion to Transfer Venue that was also filed on January 7, 2004, which was granted by order dated April 13, 2004, transferring the case to this Court.

Following the transfer of venue, this Court granted Defendant Lubbock Independent School District's Motion to Dismiss.

## II.

## FACTUAL BACKGROUND

The pertinent portion of the Plaintiffs' Complaint is as follows.

6. PLAINTIFFS ALLEGE AND SHOW THAT SAID DEFENDANTS DID WITH MALICE ATTEMPT ON MANY OCCASIONS TO HAVE PLAINTIFF DESTROYED IN THE EDUCATIONAL FIELD BY USING TERROR AND INTIMIDATION TO GET PLAINTIFF TO RESIGN FROM THE DISTRICT. INTIMIDATION INCLUDED THE USE OF SCHOOL POLICE, TELEPHONE CALLS THREATENING DEATH, A MALE TEACHER ATTEMPTING TO COMPROMISE SAID PLAINTIFF IN FALSE AND MISLEADING MEETINGS, AND ALLOWING CERTAIN PRINCIPALS TO MAKE FALSE STATEMENTS CONCERNING CHARACTER AND WORK ETHIC.

7. CONSPIRACY AND COLLUSION BEGINNING AT SOME TIME IN 1999 AND CONTINUING ON AS OF THIS DATE, WAS UNKNOWN TO PLAINTIFF AND HAS CAUSED HARM AND MENTAL ANGUISH AND IN DOING SO, HAS AFFECTED PLAINTIFF'S ABILITY NOT TO HAVE FEAR IN GOING TO THE DISTRICT OFFICE ON 19th STREET.

8. THE CONSPIRACY **[*4]** AS ALLEGED IN NUMBER (7) HAS CAUSED GRIEVOUS HARM TO PLAINTIFF AND ALSO THE POSITION WITH THE BRYANT FAMILY TRUST IN BEING NAMED BY THE BANK AS A DRUG LAUNDERER OF MONEY BY THE PLAINS NATIONAL BANK, NOW CALLED PLAINS CAPITAL BANK. WHEN IN FACT THE TRUST NEVER DID BUSINESS WITH ANYONE IN THE DRUG LAUNDERING OF MONEY. THERE WAS NO OR IS ANY BASIS FOR THIS ACCUSATION.

9. NUMEROUS CIVIL RIGHTS VIOLATIONS HAVE EXISTED OVER THE LAST FOUR YEARS. OBSTRUCTION OF JUSTICE BY ALL DEFENDANTS.

10. OBSTRUCTION OF JUSTICE WILL BE

ADDRESSED ON BEHALF OF LINDA M. BRYANT AND DONALD S. BRYANT JR. INVOLVING THIS MATTER.

11. PURSUANT TO THE FEDERAL RICO STATUTE, THE ACTS COMPLAINED HEREIN CONSTITUTES RACKETEERING IN THAT SAID ACTS WERE COMMITTED BASED UPON ASSERTION OF FALSE CLAIMS FOR FRAUD, FINANCIAL GAIN, AND SCHEME OF ARTIFICER TO DEFRAUD CHARGEABLE OR INDICTABLE UNDER FEDERAL RICO STATUTE AND PUNISHABLE BY IMPRISONMENT AS THE COURT DEEMS REASONABLE.

Pl. Compl. at 2.

III.

STANDARDS

Rule 12(b)(6) Failure to State a Claim

HN1[ ] Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally [*5] cognizable claim. FED. R. CIV. P. 12(b)(6). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). See also Grisham v. United States, 103 F.3d 24, 25-26 (5th Cir. 1997).

Subsumed within the rigorous standard of the Conley test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989). Further, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." Oppenheimer v. Prudential Secs., 94 F.3d 189, 194 (5th Cir. 1996). This is consistent with the well-established policy [*6] that the plaintiff be given every opportunity to state a claim. Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." Tel-Phonic Servs., Inc. v. TBS Int'l, Inc., 975 F.2d 1134, 1137 (5th Cir. 1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).

Rule 12(e) More Definite Statement

Federal Rule of Civil Procedure 12(e) is the correct avenue for seeking a more definite statement. Federal Rule of Civil Procedure 12(e) states:

HN2[ ] If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement [*7] before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within ten (10) days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed and make such order as it deems just.

FED. R. CIV. P. 12(e).

HN3[↑] ] "If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under *Rule 12(e)*." *Sisk v. Texas Parks & Wildlife Dep't, 644 F.2d 1056, 1059 (5th Cir. 1981)*. A motion for more definite statement should not be granted if the information a party wishes to obtain can be obtained through discovery. *Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132-33 (5th Cir. 1959)*; *Cross Timbers Concerned Citizens v. Saginaw, 991 F. Supp. 563, 572-73 (N.D. Tex. 1997)*; *N.D. TEX. LR 12.1* HN4[↑] ("except for motions complaining of failure to plead fraud or mistake with particularity pursuant to *FED. R. CIV. P. 9(b)* [*8] , a motion for more definite statement may only be filed where the information sought cannot be obtained by discovery"). Orders made pursuant to a motion for more definite statement under *Rule 12(e)* are reviewed under the abuse-of-discretion standard. *Old Time Enters. v. Int'l Coffee Corp., 862 F.2d 1213, 1217 (5th Cir. 1989)* (citations omitted).

### *Rule 12(f)* Motion to Strike

*Rule 12(f)* states that HN5[↑] ] "upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules . . . upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *FED. R. CIV. P. 12(f)*. HN6[↑] ] "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Board of Pub. Instruction of Escambia County, 306 F.2d 862, 868 (5th Cir. 1962)* (citations omitted); *see also FDIC v. Niblo, 821 F. Supp. 441, 449 (N.D. Tex. 1993)*. Accordingly, such a motion should only be granted when "the allegations [*9] are prejudicial to the defendant or immaterial to the lawsuit." *Johnson v. Harvey, 1998 U.S. Dist. LEXIS 14203, 1998 WL 596745, at *7 (E.D. La. Sept. 8, 1998)* (citations

omitted). The movant establishes immateriality by showing the challenged allegations "can have no possible bearing upon the subject matter of the litigation." *Sadler v. Benson Motors Corp., 1997 U.S. Dist. LEXIS 7118, 1997 WL 266735, at *1 (E.D. La. May 15, 1997)* (citations omitted).

### *Rule 8(a)* Plain Statement

*Rule 8(a) of the Federal Rules of Civil Procedure* HN7[↑] ] requires a short and plain statement of the claim showing that the plaintiff is entitled to relief. *FED. R. CIV. P. 8(a)*. The Fifth Circuit has interpreted *Rule 8(a)* as having an "insistence upon simple, concise, and direct allegations." *Williams v. WMX Technologies, Inc., 112 F.3d 175, 178 (5th Cir. 1997)* (quotation omitted). Pursuant to *Rule 8(a)*, a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn [*10] that these elements exist. *Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000)* (citing *Gen. Star Indem. Co. v. Vesta Fire Ins. Corp., 173 F.3d 946, 950 (5th Cir. 1999))*. "[A] complaint[] which contains a "bare bones" allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999)* (citing *Walker v. South Cent. Bell Tel. Co., 904 F.2d 275, 277 (5th Cir. 1990))*.

### *Rule 7(a)* Reply

In *Schultea v. Wood*, the Fifth Circuit held that HN8[↑] ] if a defendant raises the defense of qualified immunity, the district court may order the plaintiff, under *Rule 7 of the Federal Rules of Civil Procedure*, to file a reply tailored to answer the defendant's assertion of qualified immunity. *See Schultea v. Wood, 47 F.3d 1427, 1431*

*(5th Cir. 1995)*. A plaintiff's 7(a) reply shall plead with particularity facts focusing specifically on the conduct of the individual who caused the plaintiff's injury. *Reyes v. Sazan, 168 F.3d 158 (5th Cir. 1999)*; **[\*11]** *Schultea, 47 F.3d 1427*. If a plaintiff is ordered to file a *Rule 7(a)* reply, failure to comply with such an order will result in dismissal of a plaintiff's claims against the party alleging the defense of qualified immunity. *Reyes, 168 F.3d at 161*.

IV.

DISCUSSION

## Alternative Motion for More Definite Statement

The Court points out that "except for motions complaining of failure to plead fraud or mistake with particularity pursuant to *FED. R. CIV. P. 9(b)*, a motion for more definite statement may only be filed where the information sought cannot be obtained by discovery." *N.D. TEX. LR 12.1*. The Court finds that no allegations of fraud or mistake were made in the Plaintiffs' Complaint; thus, Defendants' Alternative Motion for a More Definite Statement, pursuant to *Rule 12(e)*, is **DENIED.**

## Alternative Motion to Strike

*HN9*[↑] "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Board of Pub. Instruction of Escambia County, 306 F.2d 862, 868 (5th Cir. 1962)* (citations omitted); **[\*12]** *see also FDIC v. Niblo, 821 F. Supp. 441, 449 (N.D. Tex.1993)*. Accordingly, such a motion should only be granted when "the allegations are prejudicial to the defendant or immaterial to the lawsuit." *Johnson v. Harvey, 1998 U.S.*

*Dist. LEXIS 14203 at \*20, 1998 WL 596745, at \*7 (E.D. La. Sept. 8, 1998)* (citations omitted). The Court finds that the allegations made by the Plaintiffs *are the basis* of their lawsuit. Thus, the Plaintiffs' allegations are neither immaterial nor prejudicial. Defendants' Alternative Motion to Strike is **DENIED.**

## Motion to Dismiss for Failure to State a Claim

As stated above, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)*. The Court finds that under the circumstances of this case, no possible cause of action exists upon which the District Board Members' Spouses may be liable to the Plaintiffs. In fact, the Plaintiffs state in their Complaint that the Defendant Spouses are included only because Texas is a community **[\*13]** property law state--not because of any alleged conduct of the Defendant Spouses. *See* Pl. Comp. at 2. Thus, the Court **GRANTS IN PART** the Motion to Dismiss pursuant to *Rule 12(b)(6)* and **DISMISSES** the Plaintiffs' claims against the Spouses of the District Board Members.

### *A. Non-civil Rights Claims*

As listed above, in their Complaint the Plaintiffs brought claims for (1) intimidation under paragraph 6; (2) conspiracy and collusion under paragraphs 7 and 8; (3) obstruction of justice under paragraphs 9 and 10; and (4) federal RICO violations under paragraph 11. The Court is unable to determine whether the Plaintiffs are suing Defendants Wayne Havens, Mark Griffin, and the District Board Members in their individual capacities or in their official capacities. Thus, the Court will analyze whether the Plaintiffs' Complaint has stated a claim for

which relief may be granted under each capacity.

### Defendants Havens, Griffin, & Board Members - Official Capacity

Plaintiffs' Complaint names Mark Griffin, as President of the LISD Board; Superintendent Wayne Havens; and All LISD Board Members as Defendants. In the likelihood that the Plaintiffs are suing these **[*14]** individuals in their official capacities for the non-civil rights allegations, the Court will discuss why such claims are barred by the Texas Legislature.

*HN10*[⬆️] Generally a state enjoys sovereign immunity from suit unless it has expressly given its consent to be sued. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 687-88, 121 L. Ed. 2d 605.* An exception to this rule is the *Texas Tort Claims Act* ("TTCA"), which waives the state's immunity from suit and from liability for certain listed areas. *Tex. Civ. Prac. & Rem. Code. §§ 101.001 et seq.* (Vernon 1997 and Supp. 2003). Moreover, the TTCA waives sovereign immunity in state court only; it does not waive *Eleventh Amendment* immunities to suit in federal courts. *Sherwinski v. Peterson, 98 F.3d 849 (5th Cir. 1996).* The *Sherwinski* court held that the TTCA waiver of immunity is limited only to courts created by the State of Texas. *Id. at 851.* "Applying this standard, we find that the [TTCA] waives sovereign immunity in state court only. This is the only reasonable construction of the statute. The act clearly does not waive *Eleventh Amendment* **[*15]** immunity to suit in federal courts." *Id. at 852.*

Moreover, this Court dismissed Defendant LISD from this lawsuit as to the non-civil rights claims in a previous order dated April 5, 2004, after determining that the TTCA did not waive immunity for such claims against LISD under the circumstances of this case. Because

any claim against Defendants Mark Griffin, Wayne Havens, and All Board Members in their official capacities is a claim against LISD, and because all non-civil rights claims against LISD have been dismissed, then all non-civil rights claims against Defendants Mark Griffin, Wayne Havens, and All LISD Board Members in their official capacities are hereby **DISMISSED.** Thus, Defendants' Motion to Dismiss is **GRANTED IN PART** as to Plaintiffs' non-civil rights claims against any of the Defendants in their official capacity.

### Defendants Havens, Griffin, & Board Members - Individual Capacity

This Court must examine the complaint to determine whether the allegations provide relief on any possible theory against Superintendent Wayne Havens, LISD Board President Mark Griffin, and the District Board Members, in their individual capacities. *Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994).* **[*16]** In giving a great deal of latitude to the Plaintiffs' allegations, this Court cannot say with certainty that the Plaintiffs have failed to allege claims for which relief may be granted. Thus, with regard to Defendants' individual capacities, Defendants' Motion to Dismiss Superintendent Wayne Havens, LISD Board President Mark Griffin, and the District Board Members pursuant to *Rule 12(b)(6)* is **DENIED** without prejudice to refiling at a later date; but, as stated below, the Plaintiffs will be required to file a *Rule 7(a)* Reply and "flesh out" the specifics of those claims against those Defendants.

### *Rule 7(a) Reply*

The Court notes that the issue of qualified immunity has been raised. Thus, the Plaintiffs will be required to file a reply, pursuant to *Federal Rule of Civil Procedure 7(a)*, to Defendants' assertion of qualified immunity within twenty (20) days from the date of this order. Plaintiffs'

reply shall plead with particularity facts focusing specifically on the conduct of each individual who allegedly caused each Plaintiff's injury. *Reyes v. Sazan, 168 F.3d 158 (5th Cir. 1999)*; *Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995).* **[*17]** Further, this order shall serve as notice that failure to comply with this order will result in dismissal of Plaintiffs' claims against the parties raising the defense of qualified immunity. *Reyes, 168 F.3d at 161.* All discovery is stayed until further order of the Court. Thus, Defendants' Motion for a *Rule 7(a)* Reply is **GRANTED.**

### B. Civil Rights Claims

The Plaintiffs also allege civil rights violations in paragraph 9 of their Complaint. Again, as with the non-civil rights claims advanced by the Plaintiffs, the Court is unable to determine whether the Plaintiffs are suing Superintendent Wayne Havens, LISD Board President Mark Griffin, and the District Board Members in their individual capacities or in their official capacities for alleged civil rights violations. Regardless of how the Plaintiffs intended to sue the Defendants, the Plaintiffs' Complaint falls far short of meeting even the most liberal notice pleading standards for a civil rights claim. In paragraph 9 of the Plaintiffs' Complaint, the Plaintiffs simply allege: "NUMEROUS CIVIL RIGHTS VIOLATIONS HAVE EXISTED OVER THE LAST FOUR YEARS." *HN11*[⬆] The plaintiff's complaint must be stated with enough **[*18]** clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989).* Here, Plaintiffs have simply asserted a conclusory allegation that civil rights violations have occurred; yet, the Plaintiffs have provided nothing more. *HN12*[⬆] A motion to dismiss an action for failure to state a claim "admits the *facts alleged* in the complaint, but challenges plaintiff's rights to relief based upon those *facts.*" *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,*

*975 F.2d 1134, 1137 (5th Cir. 1992)* (emphasis added). Plaintiffs have provided no facts whatsoever, nor have they even alleged any facts that could be construed to allude to the alleged civil rights violations in paragraph 9 of their Complaint.

For a complaint to be sufficient, the underlying facts pleaded in the complaint must be adequate to provide the defendants with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Russell v. Harrison, 736 F.2d 283 at 288* (quoting *Conley, 78 S. Ct. at 103*). *Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 388 (5th Cir. 2001).* **[*19]** *HN13*[⬆] A plaintiff does not give a defendant proper notice of a claim as required by *Federal Rule of Civil Procedure 8(a)* when, for example, the plaintiff advances an allegation--yet the complaint does not suggest how this is so or allege any facts that tend to support this gratuitous conclusion of law. *Id.* (citing Wright & Miller, Federal Practice and Procedure: Civil 2d § 1357 at 319-20 ". . . the court will not accept conclusory allegations concerning the legal effect of the events plaintiff has set out if these allegations do not reasonably follow from his description of what happened . . . ."). "Pursuant to *Rule 8(a)*, a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000)* (citations omitted). A complaint which contains a "bare bones" allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury does not provide adequate notice. *Walker v. South Cent. Bell Tel. Co.,* 904 F.2d 275, 277 (5th Cir. 1990). **[*20]** *HN14*[⬆] A district court properly dismisses a plaintiff's § 1983 claims when that plaintiff fails to allege required elements of a constitutional violation. *See Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 532-533 (5th Cir.*

1996). Thus, Defendants' Motion to Dismiss is **GRANTED IN PART** as to Plaintiffs' claims of civil rights violations against Superintendent Wayne Havens, LISD Board President Mark Griffin, and the Board Members of Lubbock Independent School District. Those claims are **DISMISSED** without prejudice.

## V.

## CONCLUSION

For the reasons stated herein,

1) Defendants' Alternative *Rule 12(e)* Motion for a More Definite Statement is denied;

2) Defendants' Alternative *Rule 12(f)* Motion to Strike is denied;

3) Defendants' *Rule 12(b)(6)* Motion to Dismiss is granted as to all of Plaintiffs' claims against the Spouses of Board Members;

4) Defendants' *Rule 12(b)(6)* Motion to Dismiss is granted as to all of Plaintiffs' claims against the official capacities of Defendants Mark Griffin, Wayne Havens, and the Board Members of Lubbock Independent School District;

5) Defendants' *Rule 12(b)(6)* Motion to Dismiss is denied as to Plaintiffs' non-civil **[*21]** rights claims against Superintendent Wayne Havens, LISD Board President Mark Griffin, and the Board Members of Lubbock Independent School District in their individual capacities;

6) Defendants' *Rule 12(b)(6)* Motion to Dismiss is granted as to Plaintiffs' civil rights claims against Defendants Superintendent Wayne Havens, LISD Board President Mark Griffins, and the Board Members of the

Lubbock Independent School District in their individual capacities;

7) Plaintiffs shall file a *Rule 7(a)* Reply addressing their non-civil rights claims against Defendants Mark Griffin, Wayne Havens, and the Board Members of the Lubbock Independent School District; and

8) All other relief requested is denied.

SO ORDERED.

Dated this 26th of April, 2004.

SAM R. CUMMINGS

UNITED STATES DISTRICT JUDGE

## JUDGMENT PURSUANT TO *RULE 54(b)*

By order of even date, the Court granted the Motion to Dismiss Plaintiffs' claims against the Spouses of Board Members, Mark Griffin as President of the LISD Board, Superintendent Wayne Havens, and the Board Members of Lubbock Independent School District in their official capacities. There is no just reason for delay in entering a final judgment and final judgment **[*22]** should be entered pursuant to *Federal Rule of Civil Procedure 54(b)*.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Plaintiffs take nothing as against Defendants SPOUSES OF BOARD MEMBERS OF THE LUBBOCK INDEPENDENT SCHOOL DISTRICT, MARK GRIFFIN AS PRESIDENT OF THE LISD BOARD, SUPERINTENDENT WAYNE HAVENS, AND THE BOARD MEMBERS OF LUBBOCK INDEPENDENT SCHOOL DISTRICT, IN THEIR OFFICIAL CAPACITIES. This judgment shall be a final judgment as to all claims alleged against such Defendants, pursuant to *Federal Rule of Civil Procedure 54(b)*.

Dated this 26th day of April, 2004.

SAM R. CUMMINGS

UNITED STATES DISTRICT JUDGE

---

End of Document

 Neutral

As of: March 1, 2022 11:10 PM Z

# *Pierce v. Sys. Group*

United States District Court for the Eastern District of Louisiana

October 1, 2020, Decided; October 2, 2020, Filed

CIVIL ACTION NO. 19-138 SECTION "B"(5)

**Reporter**

2020 U.S. Dist. LEXIS 182591 *; 2020 WL 5877884

DONALD PIERCE VERSUS SYSTEMS GROUP

**Subsequent History:** Motion denied by, Summary judgment granted by, in part, Summary judgment denied by, in part, Claim dismissed by *Pierce v. Sys. Grp., 2021 U.S. Dist. LEXIS 43660 (E.D. La., Mar. 8, 2021)*

## Core Terms

declarations, motion to strike, immaterial, new evidence, scandalous, summary judgment, redundant

**Counsel:** **[*1]** For Donald Pierce, Plaintiff: John Courtney Wilson, LEAD ATTORNEY, J. Courtney Wilson, Attorney at Law, Metairie, LA.

For Systems Group, Defendant: Judy Lynn Burnthorn, LEAD ATTORNEY, Joanne Rinardo, Deutsch Kerrigan & Stiles LLP (New Orleans), New Orleans, LA; Zachary Stokes Wessler, Deutsch Kerrigan, LLP, Gulfport, MS.

**Judges:** Ivan L.R. Lemelle, SENIOR UNITED STATES DISTRICT JUDGE.

**Opinion by:** Ivan L.R. Lemelle

## Opinion

### ORDER AND REASONS

Defendant The Systems Group filed a motion to strike Plaintiff Donald Pierce's signed declarations. Rec. Doc. 56 at 1. Defendant requests this motion to strike because the signed declarations add testimony to the original unsigned declarations. Rec. Doc. 56 at 3. Additionally, defendant moves to strike Carday Hayes's signed declaration if it differs from his original unsigned declaration. *Id.* Alternatively, defendant moves to strike from the record any additional testimony added to the signed declarations. *Id.* Plaintiff timely filed a response in opposition. Rec. Doc. 62. For the reasons discussed below,

**IT IS ORDERED** that Defendant's motion to strike is **DENIED**.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Donald Pierce's employment with The Systems Group.[1] On June **[*2]** 6, 2018, The Systems Group fired Donald Pierce. Rec. Doc. 50. According to the record, plaintiff used his phone during work on June 4, 2018. Rec. Doc. 1. On June 5, 2018,

---

[1] Plaintiff worked as a maintenance combo welder. He also performed general labor for The Systems Group. He started working at The Systems Group around March/April 2018. Rec. Doc. 1.

plaintiff, who is African American, attended a morning safety meeting wherein he complained that he was written up for using his phone at work while white welders and fitters were allowed to use their phones during work hours. *Id.* Plaintiff maintains that he was fired in retaliation for complaining about racially discriminatory discipline with respect to phone use. *Id.*

After plaintiff was fired, he filed suit on January 8, 2019 against defendant alleging a racially discriminatory wage claim and a retaliatory discharge claim.[2] Rec. Doc. 1. Defendant filed an answer on September 10, 2019.[3] Rec. Doc. 16. On October 3, 2019, a scheduling conference was held, and it was established that all case-dispositive pre-trial motions, along with motions in limine regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than May 13, 2020. Rec. Doc. 19. All other motions in limine shall be filed no later than June 8, 2020. *Id.*

Defendant filed a motion for summary **[*3]** judgment on April 28, 2020. Rec. Doc. 30. On April 30, 2020, plaintiff filed a motion to continue the submission date for summary judgment in order to interview former employees who had attended the morning safety meeting. Rec. Doc. 31. This court granted plaintiff's motion on May 22, 2020 and continued the submission date for summary judgment until June 24, 2020. Rec. Doc. 41. Plaintiff had until June 16, 2020 to file his opposition in response to defendant's motion to continue. Rec. Doc. 41, 45.

On May 28, 2020, plaintiff filed another motion to continue the pending motion for summary judgment.

Rec. Doc. 47. On June 11, 2020, plaintiff filed an opposition to defendant's motion for summary judgment and two unsigned declarations. Rec. Doc. 50. One of the declarations was from plaintiff, Donald Pierce, and the other declaration was from Carday Hayes, who was a fellow maintenance worker for defendant. *Id.* Plaintiff stated that he would tender the signed declarations shortly. *Id.*

This court dismissed plaintiff's motion to continue on June 18, 2020 but allowed plaintiff until June 24, 2020 to file the signed declarations. Rec. Doc. 53. On June 19, 2020, plaintiff filed the signed declaration **[*4]** by Donald Pierce, and on June 23, 2020, plaintiff filed the signed declaration by Carday Hayes. Rec. Doc. 54, 57.

Defendant filed a motion to strike the newly signed declarations on June 22, 2020. Rec. Doc. 56. Defendant requested that this court either strike the signed declarations or, in the alternative, strike the testimony added to the signed declarations. *Id.* at 3. On June 25, 2020, plaintiff filed an opposition to the motion to strike the declarations. Rec. Doc. 62. Plaintiff contends that this court should deny the motion to strike because the motion lacks particularity. *Id.*

## LAW AND FINDINGS

*Federal Rule of Civil Procedure 12(f)* provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed.R.Civ.P.12(f)*. Courts have "considerable discretion in ruling on a Motion to Strike." *Garcel, Inc. v. Hibernia Nat. Bank, 2002 U.S. Dist. LEXIS 4129, 2002 WL 356307, at *3 (E.D.La. March 5, 2002)* (citing *FDIC v. Niblo, 821 F. Supp. 441, 449 (N.D. Tex. 1993))*. Furthermore, courts should sparingly use motions to strike. *Stipe v. Tregre, 2015 U.S. Dist. LEXIS 110372, 2015 WL 5012375, at *2 (E.D.La. Aug. 19, 2015)* (citing *Augustus v. Bd. Of Pub. Instruction of*

---

[2] Plaintiff is not raising an age discrimination claim.

[3] Plaintiff was granted three motions for extension of time to effect Waiver of Service. Rec. Doc 9, 11 and 13.

*Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962))*. A motion to strike is a "drastic remedy to be resorted to only when required for the purposes of justice and should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* Additionally, "[t]he court will not decide a disputed question of fact on a motion to strike." **[*5]** *Id.*

The court may strike redundant matter when "the allegations are prejudicial to the defendant or immaterial to the lawsuit." *Stipe, 2015 U.S. Dist. LEXIS 110372, 2015 WL 5012375, at *3* (citing *Marceaux v. Lafayette Consol. Gov't, No. 12-CV-01532, 2012 U.S. Dist. LEXIS 150922, 2012 WL 5197667, at *2 (W.D.La. Oct. 18, 2012))*. "Redundant matter consist of allegations that constitute a needless repetition of other averments in the pleading." *Id.* (citing *Marceaux, 2012 U.S. Dist. LEXIS 150922, 2012 WL 5197667, at *1)*.

The court may also strike immaterial or impertinent matter. *See Fed.R.Civ.P.12(f)*. "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Stipe, 2015 U.S. Dist. LEXIS 110372, 2015 WL 5012375, at *4* (citing *Marceaux, 2012 U.S. Dist. LEXIS 150922, 2012 WL 5197667, at *1)*. "Immateriality is established by showing that the challenged allegation 'can have no possible bearing upon subject matter of the litigation.'" *Harris v. USA Ins. Companies, 2011 U.S. Dist. LEXIS 97250, 2011 WL 3841869 at *1, (E.D.La. Aug. 30, 2011)* (citing *Bayou Fleet P'ship, LLC v. St. Charles Parish, 2011 U.S. Dist. LEXIS 73867, 2011 WL 2680686 at *5 (E.D.La. Jul. 8, 2011)*. A court will strike allegations as irrelevant if "(1) there is no possible relation between the challenged portion of the pleading and the underlying controversy, and (2) the challenged portion of the pleading may prejudice the moving party." *Stipe, 2015 U.S. Dist. LEXIS 110372, 2015 WL 5012375, at *4* (citing *Romero v. U.S. Unwired, Inc., No. 04-CV-2312,*

*2010 U.S. Dist. LEXIS 21344, 2010 WL 672082, at *1 (E.D.La. Feb. 19, 2010)*.

Last, the court may strike scandalous matters. *See Fed.R.Civ.P.12(f)*. "Scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action." *Stipe, 2015 U.S. Dist. LEXIS 110372, 2015 WL 5012375, at *5* (citing *Marceaux, 2012 U.S. Dist. LEXIS 150922, 2012 WL 5197667, at *1)*. The purpose of striking scandalous matter "is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the **[*6]** offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleading generally are public documents and become generally available." *Id.*

In this case, defendant moves to strike the signed declarations or the new evidence contained in the signed declarations. The new evidence in dispute consists of a single sentence in Donald Pierce's declaration. The sentence states that plaintiff "did not yell or curse." Rec. Doc. 54 at 1. This sentence and the declarations are directly related to the plaintiff's claim.

Defendant contends that the newly signed declarations are prejudicial because it did not have the opportunity to address the new evidence contained in the signed declarations. Rec. Doc. 56 at 3. However, defendant neglects to state whether this new evidence is redundant, immaterial, impertinent, or scandalous. Because this sentence is neither redundant, immaterial, impertinent, nor scandalous, the court will not strike the new evidence in plaintiff's declaration. Lastly, Carday Hayes's signed declaration did not include any new evidence. Rec. Doc. 50 at 3; Rec Doc. 57 at 3.

New Orleans, Louisiana this 1st day of October, 2020

/s/ Ivan L.R. Lemelle **[*7]**

SENIOR UNITED STATES DISTRICT JUDGE

End of Document

 Caution

As of: March 1, 2022 11:09 PM Z

# *Sefton v. Jew*

United States District Court for the Western District of Texas, Austin Division

December 21, 2000, Decided ; December 21, 2000, Filed

CIVIL NO. A-00-CA-473 JN

## Reporter

204 F.R.D. 104 *; 2000 U.S. Dist. LEXIS 21714 **

DAVID SEFTON VS. MATTHEW JEW; INTERACTIVE CLASSIFIED NETWORK CORPORATION INDIVIDUALLY AND D/B/A HTTP://WWW.PICTUREVIEW.COM

**Disposition:** [**1] Defendants' Motion to Dismiss Complaint, and Alternative Motion for More Definite Statement GRANTED IN PART. Plaintiff's Response to Defendants' Motion to Dismiss Complaint, and Alternative Motion for a More Definite Statement STRICKEN in its entirety.

## Core Terms

definite statement, pleadings, motion to dismiss

## Case Summary

### Procedural Posture

Before the court were defendants' motion to dismiss the complaint and, in the alternative, motion for a more definite statement in what appeared to be a copyright infringement case.

### Overview

The court characterized paragraphs in the complaint as the worst that he had read in 19 years on the bench. The court found that the 50-page complaint, and 24-page response to the motion to dismiss, amounted to 74 pages of wasted paper. The complaint fell far short of the requirements of the pleading rules. Rather than dismiss the complaint, the court ordered plaintiff's counsel to file a revised complaint and response. Sanctions were not applicable because *Fed. R. Civ. P. 11* contemplated representations being made by an attorney to the court, and there were no recognizable, comprehensible representations made. The court agreed that a more definite statement from plaintiff was a splendid idea. Although ordinarily only the objectionable portion of a pleading would be stricken, when the violation was so gross that it would require a great deal of judicial energy to correct the pleading, the court could strike the entire pleading and grant leave to replead, which was the course the court chose. Also, under local rule the court required plaintiff to engage local counsel to act as co-counsel.

### Outcome

The court granted defendants' motion for a more definite statement and ordered plaintiff to file a revised complaint and a revised response to defendants' motion to dismiss and to designate local co-counsel, pursuant to local rule.

## LexisNexis® Headnotes

Case 4:21-cv-01209-P   Document 34   Filed 03/01/22   Page 21 of 27   PageID 862 Page 2 of 8

204 F.R.D. 104, *104; 2000 U.S. Dist. LEXIS 21714, **1

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

*HN1*[⬇] Complaints, Requirements for Complaint

See *Fed. R. Civ. P. 8 (a)*.

Civil Procedure > Judgments > Relief From Judgments > General Overview

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

*HN2*[⬇] Judgments, Relief From Judgments

See *Fed. R. Civ. P. 8(e)(1)*.

Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

*HN3*[⬇] Pleadings, Rule Application & Interpretation

See *Fed. R. Civ. P. 10(b)*.

Civil Procedure > Sanctions > Baseless Filings > General Overview

*HN4*[⬇] Sanctions, Baseless Filings

See *Fed. R. Civ. P. 11(b)*.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > General Overview

*HN5*[⬇] Defenses, Demurrers & Objections, Motions to Strike

See *Fed. R. Civ. P. 12(e)*.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > General Overview

*HN6*[⬇] Defenses, Demurrers & Objections, Motions to Strike

*Fed. R. Civ. P. 12(e)* motions are appropriate when the complaint is sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but it must be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself. To comply with an order for a more definite statement, the party must submit an amended pleading containing sufficient detail to satisfy the court and to meet his opponent's valid objections to the earlier pleading. If the *Rule 12(e)* order is not complied with and the subject of the order is the complaint, the complaint may be stricken, which has the effect of a dismissal of the action.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > Immaterial Matters

Copyright Law > Copyright Infringement Actions > Civil Infringement Actions > General

Case 4:21-cv-01209-P   Document 34   Filed 03/01/22   Page 22 of 27   PageID 873 of 8

204 F.R.D. 104, *104; 2000 U.S. Dist. LEXIS 21714, **1

Overview

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > General Overview

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > Redundant Matters

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > Scandalous Matters

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

*HN7*[↓] **Motions to Strike, Immaterial Matters**

Upon its own initiative, the court may order any redundant, immaterial, impertinent, or scandalous matter stricken from any pleading. *Fed. R. Civ. P. 12(f)*. *Rule 12(f)* is designed to reinforce the requirement in *Fed. R. Civ. P. 8(e)(1)* that pleadings be simple, concise, and direct.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > General Overview

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > Immaterial Matters

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > Irrelevant Matters

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > Redundant Matters

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Strike > Scandalous Matters

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

*HN8*[↓] **Defenses, Demurrers & Objections, Motions to Strike**

There is a general antipathy toward motion practice that is designed simply to polish the pleadings, but if a pleading grossly violates the requirements of *Fed. R. Civ. P. 8(e)(1)*, the court may grant a motion to strike. Ordinarily only the objectionable portions of the pleading will be stricken. However, when the violation of *Rule 8(e)(1)* is such that a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the pleading, the court often will take the easier path of striking the entire pleading and granting leave to replead.

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Motions to Dismiss

*HN9*[↓] **Defenses, Demurrers & Objections, Motions to Dismiss**

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the district court's jurisdiction over the defendant.

Civil Procedure > Attorneys > General Overview

Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > General Overview

Case 4:21-cv-01209-P   Document 34   Filed 03/01/22   Page 23 of 27   PageID 872

Page 4 of 8

204 F.R.D. 104, *104; 2000 U.S. Dist. LEXIS 21714, **1

Civil Procedure > ... > In Rem & Personal Jurisdiction > In Personam Actions > Minimum Contacts

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > General Overview

*HN10*[⬇] Civil Procedure, Attorneys

See U.S. Dist., W.D. Tex., R. CV-7(d).

Civil Procedure > Attorneys > General Overview

*HN11*[⬇] Civil Procedure, Attorneys

U.S. Dist., W.D. Tex., R. AT-3 allows the court to require an attorney appearing in this court who maintains his office outside of this district to designate a member of the bar who does maintain an office within this district as co-counsel with the authority to act as attorney of record for all purposes.

**Counsel:** For DAVID SEFTON, plaintiff: Kent M. Leediker, Austin, TX.

For DAVID SEFTON, plaintiff: Dan Krocker, Attorney at law, Houston, TX.

For MATTHEW JEW, INTERACTIVE CLASSIFIEDS NETWORK CORPORATION, defendants: Christopher L. Graff, Skjerven Morrill MacPherson L.L.P., Austin, TX.

For MATTHEW JEW, INTERACTIVE CLASSIFIEDS NETWORK CORPORATION, defendants: Kirk N. Sullivan, James D. Nguyen, Foley & Lardner, Los Angeles, CA.

**Judges:** JAMES R. NOWLIN, CHIEF UNITED STATES DISTRICT JUDGE.

**Opinion by:** JAMES R. NOWLIN

## Opinion

**[*105] ORDER**

Before the Court are Defendants' Motion to Dismiss Complaint, and Alternative Motion for More Definite Statement (Clerk's Doc. No. 9) filed 31 October 2000; Plaintiff's Response to Defendants' Motion to Dismiss Complaint, and Alternative Motion for a More Definite Statement (Clerk's Doc No. 13) filed 13 November 2000; and Reply Brief in Support of Defendants' Motion to Dismiss Complaint, and Alternative Motion for **[**2]** More Definite Statement (Clerk's Doc. No. 14) filed 1 December 2000. Having considered the Motion, Response, Reply, the entire case file and applicable law, the Court enters the following Order GRANTING Defendant's Motion for a More Definite Statement and *sua sponte* STRIKING Defendant's 13 November 2000 Response. [1]

**[**3]** *Federal Rule of Civil Procedure 8*

"*HN1*[⬆] A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, *shall* contain (1) a *short and plain*

_____

[1] While the Court did not seek and does not relish this chore, the Court will take this opportunity to educate Plaintiff's lawyer, Dan Krocker, on some of the more obvious points in the Federal Rules of Civil Procedure and in the practice of law. This is necessary in this case because of the extremely poor quality of Plaintiff's Complaint and Response. If the Court were to proceed with this case in its current state, the Court would be forced to function as Plaintiff's *de facto* attorney. The Court will refuse this inadvertent invitation from Plaintiff. *See Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1296 n.16 (5th Cir. 1994)*("Judges are not like pigs, hunting for truffles buried in briefs.").

Case 4:21-cv-01209-P   Document 34   Filed 03/01/22   Page 24 of 27   PageID 875 of 8

204 F.R.D. 104, *105; 2000 U.S. Dist. LEXIS 21714, **3

statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it; (2) a *short and plain* statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded. *Fed. R. Civ. P. 8(a)*(emphasis added). Also, "*HN2*[⬆]] each averment of a pleading *shall* be *simple, concise, and direct*. No technical forms of pleading or motions are required." *Fed. R. Civ. P. 8(e)(1)*(emphasis added).

The Court would like Plaintiff's counsel to become reacquainted (or just acquainted, as the case may be) with these requirements of *Rule 8*. Plaintiff's pleadings are in no way "short and plain," nor are they "simple, concise, and direct." Plaintiff's 50-page Complaint and 24-page Response amount to little more than 74 pages of wasted paper.

### *Federal Rule of Civil Procedure 10*

[**4] "*HN3*[⬆]] All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable *to a statement of a single set of circumstances*; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense *whenever a separation facilitates the clear presentation of the matters set forth*." *Fed. R. Civ. P. 10(b)*(emphasis added).

Again, Plaintiff's Complaint falls far short of the strictures of *Rule 10*. *Rule 10* obviously contemplates a structure that will aid the reader's understanding. Plaintiff's counsel should attempt some sort of structure in his revised Complaint and revised Response. [*106] The

Court recommends starting with an outline, using topic sentences, and taking care to use headings and subheadings. [2] Future stream-of-consciousness submissions from Plaintiff will not be acceptable.

### [**5] *Federal Rule of Civil Procedure 11*

"*HN4*[⬆]] By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief." *Fed. R. Civ. P. 11(b)*.

*Rule 11* clearly contemplates representations being made by an attorney [**6] to the Court. In this regard, Plaintiff's counsel can rest easy. It would be virtually impossible to sanction counsel under *Rule 11*. In order to be sanctioned under *Rule 11*, counsel would have had to have made recognizable representations to the Court. In this regard, Plaintiff's counsel should note two things about *Rule 11*. First, pleadings should contain

---

[2] The Court also highly recommends proofreading for spelling and grammatical mistakes.

Case 4:21-cv-01209-P   Document 34   Filed 03/01/22   Page 25 of 27   PageID 836 of 8

204 F.R.D. 104, *106; 2000 U.S. Dist. LEXIS 21714, **6

comprehensible representations to the Court. Second, these clear-cut representations should be made for a proper purpose and should have a legal and factual basis.

## Defendant's *Rule 12(e)* Motion for a More Definite Statement

Not surprisingly, Defendant has moved for a more definite statement under *Federal Rule of Civil Procedure 12(e)*. "*HN5*[↑]] If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may **[**7]** strike the pleading to which the motion was directed or make such order as it deems just." *Fed. R. Civ. P. 12(e)*.

The Court is of the opinion that a more definite statement from Plaintiff is a splendid idea. *HN6*[↑]] *Rule 12(e)* motions are appropriate when the complaint is "sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed, but it must be so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376, p. 577-8 (2d ed. 1990). To comply with an order for a more definite statement, "the party must submit an amended pleading containing sufficient detail to satisfy the court and to meet his opponent's valid objections to the earlier pleading." *Id.* § 1379, at 636. If the *Rule 12(e)* order is not complied with and the subject of the order is

the complaint, the complaint may be stricken, which has the "effect of a dismissal of the action." *Id.* § 1379, at 640.

### *Sua Sponte* Motion to Strike under *Rule 12(f)*

*HN7*[↑]] Upon its own initiative, the **[**8]** Court may order "any redundant, immaterial, impertinent, or scandalous matter" stricken from any pleading. *Fed. R. Civ. P. 12(f)*. *Rule 12(f)* is "designed to reinforce the requirement in *Rule 8(e)(1)* that pleadings be simple, concise, and direct." Wright & Miller § 1380, at 644. Any number of passages from Plaintiff's Response are in violation of *Rule 12(f)*. Although **[*107]** Plaintiff's case appears to be about copyright infringement, [3] Plaintiff's counsel saw fit to include the following:

. "This case is simply about child pornography…." (Plaintiff's Response at 1).

.    "alt.binaries.picures.erotica.bestiality.hamster.duct-tape" (Plaintiff's Response at 4).

. "Regardless of how the defendants disguise their business model, the entire business model is based upon providing content belonging to others and providing access to child pornography as well as [sic] other forms of illegal obscenity to subscribers, includingTexas [sic] residents. As a result defendants are paid, and quiet [sic] frankly paid well [sic], hundreds of thousands of dollars a month, [sic] for providing a service identical to one that has already been found to illegally infringe upon others [sic] **[**9]** copyrights. The defendant's [sic] are quiet [sic] correct, [sic] in that plaintiff has filed numerous copyright infringement cases. His work has been popular on the Internet and

_____

[3] Apparently, the copyrighted works being infringed are nude photographs of Plaintiff's wife taken by Plaintiff for use on his Internet site, *www.texascollegegirls.com*. (Plaintiff's Response at 3).

his wife a popular model, and many people, including the defendant [sic] has [sic] stolen it. A common element found in EVERY case thus far has been child pornography in conjunction with piracy. Mr. Sefton, [sic] chose to prepare a complaint that would educate the basic solo criminal practitioner on several important issues regarding copyright law, never dreaming that reputable law firms would be taking such clients. Each litigiously astute businessman has structured his business in a manner attempting to create "credible deniability", [sic] and what we call the Flip Wilson defense -- "the devil made me do it", [sic] which in this case the devil is the defendant's [sic] automated computer software, [sic] that infringes willy nilly, leaving no accountability and hopefully [sic] with respect to the defendant [sic] no liability. Surprisngly [sic] in each case the defense has hired very good law firms [sic]. [4] (Plaintiff's Response at 3).

. "Plaintiff and his wife have strong philosophical [**10] problems with underage erotic photography. They were fired from their first Internet contract because they refused to photograph minors having sex. They were one of the first Internet photographers to pioneer age statements and verifications. They have consistently maintained their standard on their site as what is displayed on cable TV, promoting healthy sensual entertainment for consenting adults. Their work has been featured as part of playboy Cable TV documentary on the Lifestyle and their sensual photography [sic]. Plaintiff has also had his articles published in a variety of fields as well as their joint work "hang" in state wide

---

[4] This is easily the worst paragraph in a civil pleading that the Court has read in 19 years on the bench. Plaintiff's counsel has so brutalized the English language as to make it almost unrecognizable. To make matters worse, Mr. Krocker brutalized the English language in a paragraph that is completely irrelevant to Defendants' Motion.

photo competition." (Plaintiff's Response at 4).

[**11] While the forgoing list is by no means exhaustive, it does serve to illustrate the "redundant, immaterial, impertinent, or scandalous matter" in Plaintiff's Response. While the Court realizes "*HN8*[↑]] there is a general antipathy toward motion practice that is designed simply to polish the pleadings, if a pleading grossly violates the requirements of *Rule 8(e)(1)* the court may grant a motion to strike. Ordinarily only the objectionable portions of the pleading will be stricken. However, when the violation of *Rule 8(e)(1)* is such that a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the [*108] pleading, the court often will take the easier path of striking the entire pleading and granting leave to replead." 5 Wright & Miller § 1281, at 522-3.

## Final Notes

The Court would like to draw Plaintiff's counsel's attention to a few final matters:

1. *HN9*[↑]] When a nonresident defendant moves to dismiss for lack of personal jurisdiction, *the plaintiff bears the burden* of demonstrating the district court's jurisdiction over the defendant. *Wilson v. Belin, 20 F.3d 644, 649 (5th Cir. 1994)*(emphasis added). Therefore, instead [**12] of choosing not to "engage the court in a lengthy esoteric discussion" (Plaintiff's Complaint P 2) regarding jurisdiction in this case, Plaintiff shall attempt to clearly establish the factual and legal bases for this Court's exercise of personal jurisdiction over Defendants. This analysis by Plaintiff shall include, *inter alia*, a discussion of whether this Court has specific personal jurisdiction over Defendants, general jurisdiction over Defendants, or both. *See Burger King Co. v. Rudzewicz, 471 U.S. 462, 472-78, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)*.

Case 4:21-cv-01209-P   Document 34   Filed 03/01/22   Page 27 of 27   PageID 3823 of 8

204 F.R.D. 104, *108; 2000 U.S. Dist. LEXIS 21714, **12

2. Western District of Texas Local Rule CV-7(d) deals with responses: "*HN10*[↑] The response shall contain a *concise* statement of the reasons and opposition to the motion and citations of the *specific* legal authorities upon which the party relies. The response is limited to ten (10) pages unless otherwise authorized by the Court. If there is no response filed within the time period prescribed by Section (f) of this rule, the Court may grant the motion as unopposed." (emphasis added). Plaintiff is urged to adhere closely to Rule CV-7(d). No page limit extensions will be granted. Also, any motions made by Defendant **[**13]** that are not *specifically* responded to by Plaintiff will be granted as unopposed. It is not enough to file pieces of paper entitled "Response"; Plaintiff must actually *respond*. This entails setting forth the factual and legal bases that support Plaintiff's opposition to Defendants' Motion.

3. *HN11*[↑] Western District of Texas Local Rule AT-3 allows the Court to "require an attorney appearing in this court who maintains his office outside of this district to designate a member of the Bar of this Court who does maintain an office within this district as co-counsel with the authority to act as attorney of record for all purposes." Given Plaintiff's counsel's first two pleadings in the instant cause, the Court is going to require local co-counsel. [5]

**[**14]** IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendants' Motion to Dismiss Complaint, and Alternative Motion for More Definite Statement is hereby GRANTED IN PART. Plaintiff shall

---

FILE a revised Complaint in this cause consistent with *Rules 8(a)*, *8(e)(1)*, *10(b)*, *12(e)* and this Order no later than 5 January 2001. Defendants will then either re-urge their 31 October 2000 Motion or they will file any pleadings allowed or required by the Rules.

IT IS FURTHER ORDERED that Plaintiff's Response to Defendants' Motion to Dismiss Complaint, and Alternative Motion for a More Definite Statement is hereby STRICKEN in its entirety. Assuming Defendants choose to re-urge their 31 October 2000 Motion, Plaintiff will file a new response consistent with *Rules 8(e)(1)*, *12(f)*, Local Rule CV-7(d) and this Order.

IT IS LASTLY ORDERED that Plaintiff shall DESIGNATE local co-counsel pursuant to Local Rule AT-3 and shall FILE such designation by 5 January 2001.

SIGNED AND ENTERED this 21st day of December, 2000.

JAMES R. NOWLIN

CHIEF UNITED STATES DISTRICT JUDGE

---

*End of Document*

---

[5] The Court would also like to draw Plaintiff's counsel's attention to Western District of Texas Local Rule AT-1(i)(4). While Plaintiff's counsel has not dipped below this floor yet, he would be wise to keep this rule foremost in his mind while practicing in the Western District of Texas.

Jeremy Salmon

APP. 25