UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| INGA DOW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No.: 4:21-cv-01209-P |
| | § | |
| KELLER WILLIAMS REALTY, INC., | § | |
| JOHN DAVIS, GO MANAGEMENT, LLC, | § | |
| DAVID OSBORN, SMOKEY GARRETT | § | |
| AND GARY KELLER, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT JOHN DAVIS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant John Davis ("Defendant" or "Davis") moves the Court to dismiss all of the claims asserted against Davis by Plaintiff Inga Dow ("Plaintiff" or "Dow") in Plaintiff's First Amended Complaint [Dkt. 63] ("Amended Complaint"). This Motion is based on the pleadings and papers on file in this case and the Brief in Support. As grounds for this Motion, Davis respectfully states as follows:

1. Plaintiff's Amended Complaint fails to state an actionable claim because Plaintiff's allegations negate the existence of an informal fiduciary duty between Plaintiff and Davis.

2. Plaintiff's Amended Complaint fails to state an actionable claim because all of the claims asserted against Davis are barred by the statute of limitations.

3. Plaintiff's Amended Complaint fails to state an actionable claim for tortious interference with existing contractual relationship or prospective relationship because Davis could not have tortiously interfered with any agreement with Keller Williams Realty, Inc. because Davis is alleged to be an agent of Keller Williams during the relevant time period.

4.	Plaintiff's Amended Complaint fails to state an actionable claim for tortious interference with existing contractual relationship or prospective relationship because the injury claimed was to an entity and not to Plaintiff individually and because the damages sought by Plaintiff are not recoverable in her individual capacity.

5.	Plaintiff's Amended Complaint fails to state an actionable claim for existing contractual relationship because Plaintiff fails to plead willful intent by Davis to interfere.

6.	Plaintiff's Amended Complaint fails to state an actionable claim for existing contractual relationship because Plaintiff has not alleged acts of interference by Davis as to the alleged agreement between Plaintiff and Scott Tolar.

7.	Plaintiff's Amended Complaint fails to state an actionable claim for tortious interference with prospective relationship because she does not plead a reasonable probability that Plaintiff would have entered into a contractual relationship.

8.	Plaintiff's Amended Complaint fails to state an actionable claim for prospective relationship because Plaintiff fails to plead intent by Davis to interfere.

9.	Plaintiff's Amended Complaint fails to state an actionable claim for prospective relationship because Plaintiff fails to plead that the alleged acts of interference by Davis were independently tortious.

## PRAYER

For the reasons set forth in this Motion, John Davis prays that his Motion be granted, that the causes of action alleged by Plaintiff against Davis in the Amended Complaint be dismissed in their entirety, with prejudice, that Plaintiff take nothing by her suit, that all relief requested by Plaintiff be denied, and that the Court grant Davis such other and further relief to which he may be entitled.

Respectfully submitted,

By:     */s/ James T. Drakeley*
    James T. Drakeley
    Texas Bar No. 06111600
    Laurie N. Patton
    Texas Bar No. 24078158

**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, Texas 75024
Tel: (972) 324-0300
Fax: (972) 324-0301
Email: jdrakeley@spencerfane.com
        lpatton@spencerfane.com

**ATTORNEYS FOR DEFENDANT JOHN DAVIS**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been served on counsel of record via ECF filing, pursuant to the Federal Rules of Civil Procedure, on this the 11th day of April, 2022.

    */s/ Laurie N. Patton*
    Laurie N. Patton

3