IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| INGA DOW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-01209-P |
| | § | |
| KELLER WILLIAMS REALTY, INC., | § | |
| JOHN DAVIS, GO MANAGEMENT, LLC, | § | |
| DAVID OSBORN, SMOKEY GARRETT, | § | |
| AND GARY KELLER, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS KELLER WILLIAMS REALTY, INC. AND GARY KELLER'S BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT SUBJECT TO MOTION TO COMPEL ARBITRATION**

Pursuant to FED. R. CIV. P. 12(f), Defendants Keller Williams Realty, Inc. ("KWRI") and Gary Keller ("Keller") (collectively "Defendants") move, subject to their motion to compel arbitration, to strike portions of Plaintiff Inga Dow's First Amended Complaint ("Amended Complaint") due to the immaterial, impertinent, and scandalous nature of the allegations and file this brief in support, respectfully showing the following:

## I.
## INTRODUCTION

This lawsuit arises from Plaintiff Inga Dow's ownership of three Keller Williams® real estate brokerage franchises ("Market Centers"). Dow has three separate License Agreements she entered with KWRI, which set forth her rights and obligations vis a vis KWRI, including her status as a business owner and independent contractor.

In Dow's Amended Complaint, she asserts claims against one or more defendants in this suit for matters related to her License Agreements. However, despite her status as a

franchisee/business owner/independent contractor, she devotes more than half of her 57-page Amended Complaint to inflammatory, time-barred sexual harassment allegations going back more than two decades— allegations that by her own admission could not have occurred past December 2018 or January 2019, when she contends the alleged harasser, John Davis, left KWRI. [Dkt. 53-1, ¶ 4.65]. As noted in KWRI and Keller's motion to dismiss (incorporated herein by reference), the allegations based on the alleged conduct of Davis are facially time barred. The remaining allegations that do not relate to the alleged sexual harassment stem from Dow's dissatisfaction as a business owner with various factors impacting her businesses—matters unrelated to the exceedingly stale and inflammatory sexual harassment allegations.

For the reasons set forth below, Defendants seek to strike the following paragraphs from Dow's Amended Complaint:

- Dkt. 53-1, ¶ 3.18 through ¶ 3.72; and
- Dkt. 53-1, ¶ 3.90 through ¶ 3.96.

## II.
## ARGUMENT AND AUTHORITIES

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). FRCP 12(f) is designed to reinforce the requirement in FRCP 8(e)(1) that pleadings be simple, concise, and direct. *Sefton v. Jew*, 204 F.R.D. 104, 2000 U.S. Dist. LEXIS 21714 (W.D. Tex. 2000), App. 18-25. "Scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action." *Pierce v. Sys. Grp.*, No. 19-138, 2020 U.S. Dist. LEXIS 182591, * 5 (E.D. La. Oct. 1, 2020), App. 14-17. "The purpose of striking scandalous matter 'is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleading[s]

generally are public documents and become generally available.'" *Id.* at *5, 6. Courts have significant discretion in ruling on a motion to strike. *Id.* at *4. Motions to strike are proper "where the allegations to be stricken have no possible relation to the claims or causes of action. All doubts are resolved against striking the pleadings." *Bates v. Laminack*, 938 F. Supp. 2d 649, 668 (S.D. Tex. 2013) (internal citations omitted); *Bryant v. Lubbock Indep. Sch. Dist.*, Civil Action No. 5:04-CV-083-C, 2004 U.S. Dist. LEXIS 7184, at *11-12 (N.D. Tex. 2004), App. 1-13. While motions to strike are generally disfavored, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matters of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the subject of the allegations." 5C C, Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 466-67 (2004).

Here, the inflammatory matter at issue relates to salacious alleged acts by Davis, including alleged sexual misconduct. This type of allegation undoubtably casts Davis, who is the alleged bad actor and a party to the action, and by extension the other defendants, in a derogatory light. *See Pierce*, No. 19-138, 2020 U.S. Dist. LEXIS 182591, at *5, App. 14-17.

Further, given the numerous defenses to these allegations noted in the pending motions to dismiss—including a glaringly obvious statute of limitations defense—allowing the offensive allegations to stand is particularly harmful, as they serve no proper purpose. Striking the noted portions of the Amended Complaint is needed to avoid undue prejudice by preventing a jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety given that pleadings are generally public documents once filed. *See Pierce*, No. 19-138, 2020 U.S. Dist. LEXIS 182591, at *5, 6, App. 14-17.

Finally, if the inflammatory allegations are set aside, it is easier to see the dispute for what it is: Dow attempting to gain leverage in matters impacting her businesses. For example, Dow complains about the selection of her operating principal [Dkt. 53-1, ¶¶ 3.79-80], her participation in a "legacy" program [Dkt. 53-1, ¶ 3.80], or in her estimation, her getting lowballed by Defendants Osborn and Garrett on the potential sale of her businesses [Dkt. 53-1, ¶ 3.81]. She should be unable to use the legal process to advance facially stale and inflammatory harassment allegations (under statutes that do not apply to her) to embarrass the defendants. Defendants accordingly move to strike the allegations in Paragraphs 3.18-3.72 and 3.90-3.96 of the Amended Complaint pursuant to FRCP 12(f).

## III.
## CONCLUSION

For the reasons set forth above, Defendants KWRI and Gary Keller request that this motion be granted, that the Court strike all immaterial, impertinent, and scandalous matter from the Amended Complaint pursuant to Rule 12(f), and that Defendants be awarded such other and further relief to which they may be entitled.

Respectfully submitted,

By: */s/ Kristin L. Bauer*
Kristin L. Bauer
Texas Bar No. 24006813
Kristin.Bauer@jacksonlewis.com
Claire L. Cook
Texas Bar No. 24086220
Claire.Cook@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2008

ATTORNEYS FOR DEFENDANTS
KELLER WILLIAMS REALTY, INC.
AND GARY KELLER

### CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants Keller Williams Realty, Inc. and Gary Keller conferred with counsel for Plaintiff on March 1, by email regarding the substance of this motion. Although counsel subsequently stated they would use the amended complaint to address some issues raised in the motion to strike the original complaint, those matters were not changed in any substantial way via the amendment.

/s/ Kristin Bauer
Kristin L. Bauer

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on April 12, 2022.

| | | |
|---|---|---|
| Michael Y. Kim<br>Ericha Ramsey Brown<br>Monica L. Narvaez<br>Eduardo R. Garza<br>THE MICHAEL KIM LAW FIRM, PLLC<br>4236 W. Lovers Lane<br>Dallas, Texas 75209<br>mkim@mkimlegal.com<br>erbrown@mkimlegal.com<br>mnarvaez@mkimlegal.com<br>egarza@mkimlegal.com<br><br>**Attorneys for Plaintiff** | James T. Drakeley<br>Laurie N. Patton<br>SPENCER FANE LLP<br>5700 Granite Parkway, Ste. 650<br>Plano, TX 75024<br>jdrakeley@spencerfane.com<br>lpatton@spencerfane.com<br><br>**Attorneys for Defendant John Davis** | A. Boone Almanza<br>Tanya Robinson<br>ALMANZA, BLACKBURN, DICKIE & MITCHELL LLP<br>2301 S. Capital of Texas Hwy., Bldg. H<br>Austin, Texas 78746<br>TRobinson@abdmlaw.com<br>BAlmanza@abdmlaw.com<br><br>**Attorneys For Defendants Go Management LLC, David Osborn, And Smokey Garrett** |

/s/ Kristin Bauer
Kristin L. Bauer