**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **INGA DOW,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:21-cv-01209-P** |
| | § | |
| **KELLER WILLIAMS REALTY, INC., JOHN DAVIS, GO MANAGEMENT, LLC, DAVID OSBORN, SMOKEY GARRETT, AND GARY KELLER,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS KELLER WILLIAMS REALTY, INC. AND GARY KELLER'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6), SUBJECT TO THEIR MOTION TO COMPEL ARBITRATION**

Respectfully submitted,

By: */s/Kristin L. Bauer*
Kristin L. Bauer
Texas Bar No. 24006813
Kristin.Bauer@jacksonlewis.com
Claire L. Cook
Texas Bar No. 24086220
Claire.Cook@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2008

**ATTORNEYS FOR DEFENDANTS KELLER WILLIAMS REALTY, INC. AND GARY KELLER**

**TABLE OF CONTENTS**


**I.** INTRODUCTION ........................................................................................ 1

**II.** SUMMARY OF ARGUMENT ........................................................................ 1

**III.** BACKGROUND INFORMATION ................................................................. 1

**IV.** ARGUMENT AND AUTHORITIES ................................................................ 4

A. Rule 12(b)(6) Legal Standard ........................................................................ 4

B. Dow's Statutory Discrimination Claims Based on Sex and Disability against KWRI (Counts 1-6) are Barred because KWRI is not Dow's Employer. ............. 5

C. Dow's Statutory Discrimination Claims against KWRI (Counts 1-6) are Time-Barred and Not Saved by Her Conclusory Allegations. ........................................ 8

D. Dow's Tortious Interference Claims against KWRI and Keller (Counts 7 and 8) are Time-Barred and Fail on the Merits. ................................................................ 9

E. Dow's Breach of Contract Claim (Count 9) Fails on the Merits as She Fails to Plead that She Has Met All Conditions Precedent ............................................... 10

F. Dow's Declaratory Judgment Claim (Count 11) Fails on the Merits……………11

**V.** CONCLUSION ........................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4, 5, 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................4, 5, 10

*Bell v. VPSI, Inc.*,
205 S.W.3d 706 (Tex. App.—Fort Worth 2006, no pet.)....................6

*Brand Coupon Network, LLC v. Catalina Mktg. Corp.*,
748 F.3d 631 (5th Cir. 2014)....................2

*Domino's Pizza, L.L.C. v. Reddy*,
No. 09-00058-CV, 2015 Tex. App. LEXIS 2578 (Tex. App.—Beaumont Mar. 19, 2015, pet. denied)....................6

*Dow Chem. Co. v. Bright*,
89 S.W.3d 602 (Tex. 2002)....................6

*Ellwood Tex. Forge Corp. v. Jones*,
214 S.W.3d 693 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)....................6

*Emmco Ins. Co. v. Burrows*,
419 S.W.2d 665 (Tex. Civ. App.—Tyler 1967, no writ)....................11

*Farlow v. Harris Methodist Fort Worth Hosp.*,
284 S.W.3d 903 (Tex. App.—Fort Worth 2008, pet. denied)....................6, 8

*Hill v. Heritage Res.*,
964 S.W.2d 89 (Tex. App.—El Paso 1997, pet. denied)....................9

*Jackson v. Univ. of Tex. M.D. Anderson Cancer Ctr.*,
2002 U.S. App. LEXIS 29400 (5th Cir. 2002)....................8

*Lane v. Baxter Healthcare Corp.*,
905 S.W.2d 39 (Tex. App.—Houston [1st Dist.] 1995, no writ)....................11

*Powell v. Akin Gump Strauss Hauer Feld LLP*,
Civil Action No. 3:17-CV-1726-K-BH, 2018 U.S. Dist. LEXIS 75153 (N.D. Tex. 2018)....................4, 5

*Republic Ins. Co. v. Davis*,
856 S.W.2d 158 (Tex. 1993)....................11

*Stroup v. MRM Mgmt.*,
2018 Tex. App. LEXIS 8446 (Tex. App.—Austin, aff. opinion)....................7

*U.S. Enercorp., Ltd. v. SDC Mont. Bakken Exploration, LLC.*,
966 F. Supp. 2d 690 (W.D. Tex. 2013)....................10

**Statutes**

42 U.S.C. 2000e-5(e)(1)....................9

42 U.S.C. § 2000e-5(e)(1)....................9

42 U.S.C. § 2000e(f)....................5

42 U.S.C. § 12111(4)....................5

ADA....................1, 5, 8

Tex. Lab. Code § 21.002(7)....................5

Tex. Lab. Code § 21.0022....................7

Tex. Lab. Code § 21.202(a)....................8

**Other Authorities**

16 C.F.R. Section 436.1....................7

Fed. R. Civ. P. 8(a)....................4, 5

Fed. R. Civ. P. 12(b)(6).................... *passim*

Fed. R. Civ. P. 8....................5

Fed. R. Civ. P. 12(b)(1)....................1

## I. INTRODUCTION

Pursuant to FED. R. CIV. P. 12(b)(6),[1] Defendants Keller Williams Realty, Inc. ("KWRI") and Gary Keller ("Keller") (collectively "Defendants") move, subject to their Motion to Compel Arbitration filed on this same date, to dismiss Plaintiff Inga Dow's claims in their entirety because Dow has failed to state a claim upon which relief can be granted.

## II. SUMMARY OF ARGUMENT

Dow is and was at all relevant times a business owner/independent contractor/franchisee. It is settled that Title VII, the ADA, and their state law equivalents do not apply under such circumstances. Even if these claims were permissible claims against KWRI and Keller (which they are not), Dow's claims pursuant to these statutes are time barred. Dow's remaining claims and causes of action are similarly time barred and/or she fails to state a claim. Further, all of Dow's theories of relief against Defendants relate back (directly or indirectly) to her License Agreements with KWRI, so as noted in Defendants' Motion to Compel arbitration filed on this same date and to the extent the Court chooses to grant relief thereunder, those License Agreements require arbitration.

## III. BACKGROUND INFORMATION

This lawsuit arises from Dow's ownership of three Keller Williams® real estate brokerage franchises ("Market Centers"). Dow is the principal owner of three Market Centers. Each Market Center operates under a Market Center License Agreement ("License Agreement") that KWRI entered into with three separate entities that Dow owns: Fort Worth RE, Ltd.; Johnson County RE, Ltd.; and Dow WFW RE, Inc. (Exhibit A, App. 1-102; Exhibit B, App. 103-202; Exhibit C, App.

[1] In the event any of the defenses are deemed jurisdictional, Defendants move alternatively for dismissal pursuant to Rule 12(b)(1).

203-298).[2] Pursuant to the License Agreements and the franchisor–franchisee relationship that they establish, Dow has access to the KWRI brand, training, tools, etc. in exchange for certain payments and fees generated from running an independently owned and operated business under the established KWRI name and keeping within the KWRI standards. (Exhibit A, ¶ 1-4, App. 4-13; Exhibit B, ¶ 2-5, App. 116-127; Exhibit C, ¶ 2-5, App. 216-224).

As noted in the License Agreements, KWRI does not control the day-to-day business of Dow's Market Centers, who they employ, or the real estate agents with whom they independently contract with and affiliate. Instead, the Market Centers are independently owned and operated businesses. They are independent contractors:

> **18.01 Independent Contractor.**
>
> (a) The parties mutually agree that this Agreement does not create a fiduciary or other special relationship between them, that Licensee is an independent contractor, and that nothing in this Agreement is intended to constitute either party an agent, legal representative, subsidiary, joint venturer, partner, employee or servant of the other for any purpose.
>
> (b) Throughout the term of the license, Licensee shall hold itself out to the public as an independent contractor operating the Market Center pursuant to a license from Company. Licensee agrees to take such action as may be necessary to do so, including exhibiting a notice of that fact in a conspicuous place in the Market Center, the content of which Company reserves the right to specify.

Exhibit A, ¶ 18.01, App. 51.

[2] In general, when ruling on a motion to dismiss under Rule 12(b)(6), a district court "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). However, a "court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Id.* Dow's Complaint is replete with mentions of the License Agreements and their terms, and the License Agreements are central to Dow's claims. Thus, Defendants attach the three License Agreements at issue.

> **19.01 Independent Contractor.**
>
> (a) The parties mutually agree that this Agreement does not create a fiduciary or other special relationship between them, that Licensee is an independent contractor, and that nothing in this Agreement is intended to constitute either party an agent, legal representative, subsidiary, joint venturer, partner, employee or servant of the other for any purpose.
>
> (b) Throughout the term of the license, Licensee shall hold itself out to the public as an independent contractor operating the Market Center pursuant to a license from Company. Licensee agrees to take such action as may be necessary to do so, including exhibiting a notice of that fact in a conspicuous place in the Market Center, the content of which Company reserves the right to specify.

Exhibit B, ¶ 19.01, App. 168.

> **19.01 Independent Contractor.**
>
> (a) The parties mutually agree that this Agreement does not create a fiduciary or other special relationship between them, that Licensee is an independent contractor, and that nothing in this Agreement is intended to constitute either party an agent, legal representative, subsidiary, joint venture partner, partner, employee or servant of the other for any purpose.
>
> (b) Throughout the term of the license, Licensee shall hold itself out to the public as an independent contractor operating the Market Center pursuant to a license from Company. Licensee agrees to take such action as may be necessary to do so, including exhibiting a notice of that fact in a conspicuous place in the Market Center, the content of which Company reserves the right to specify.

Exhibit C, ¶ 19.01, App. 266.

Further, each of these License Agreements contain certain provisions regarding the scope of Dow's control of the operations, duties, obligations with respect to her businesses:

- Dow is obligated to maintain and preserve full, complete, and accurate books, records, and accounts relating to the operation of the Market Center (Exhibit A, ¶ 9.01(a), App. 27-29; Exhibit B, ¶ 10.01(a), App. 144-145; Exhibit C, ¶ 10.01(a), App. 241-242);

- Dow is obligated to maintain comprehensive general liability insurance, workers' compensation insurance, automobile liability coverage, errors and omissions liability insurance, other insurance required by state or locality, and KWRI must be named as an additional insured on all policies (Exhibit A, ¶ 12.01-12.02, App. 33-35; Exhibit B, p. iii-iv, App. 107-108; Exhibit C, p. iv, App. 208);

- Dow is obligated to designate her own Operating Principal (Exhibit A, ¶ 5.01(e), App. 14-15; Exhibit B, ¶ 6.01(e), App. 129-130; Exhibit C, ¶ 6.01(e), App. 226-227);

- Dow is obligated to designate her own Team Leader (Exhibit A, ¶ 5.01(f), App. 15; Exhibit B, ¶ 6.01(f), App. 130-131; Exhibit C, ¶ 6.01 (f), App. 227-228);

- Dow is obligated to designate her own Market Center Administrator (Exhibit A, ¶ 5.01(g), App. 15-16; Exhibit B, ¶ 6.01(g), App. 131; Exhibit C, ¶ 6.01(g), App. 228);

- Dow acknowledges that the Market Center Administrator shall assist the Team Leader in conducting the day-to-day operations of the Market Center and shall have all of the duties set forth for such position in the Manuals (Exhibit A, ¶ 5.01(g), App. 15-16; Exhibit B, ¶ 6.01(g), App. 131; Exhibit C ¶ 6.01(g), App. 228);

- Dow is obligated to provide training to her employees (Exhibit A, ¶ 5.01(h), App. 16-17; Exhibit B, ¶ 6.01(h), App. 131-132; Exhibit C, ¶ 6.01(h), App. 228-229);

- Dow is responsible for retaining all listing agreements, sales contracts, HUD statements, green sheets (formerly blue sheets), purchase orders, payroll records, bank statements, sales tax records and returns, cash receipts and disbursement statements, journals, and ledgers (Exhibit A, ¶ 9.01(a), App. 27; Exhibit B, ¶10.01(a), App. 144; Exhibit C, ¶ 10.01(a), App. 241); and

- Dow is obligated to create her own Annual Business Plan (Exhibit A, ¶¶ 5.01(h)(2), 9.01(b)(7), App. 16, 28; Exhibit B, ¶¶ 6.01(h)(2), 10.01(b)(7), App. 131-132, 145; Exhibit C, ¶¶ 6.01(h)(2), 10.01(b)(6), App. 228-229, 242).

## IV. ARGUMENT AND AUTHORITIES

### A. Rule 12(b)(6) Legal Standard

Federal Rule of Civil Procedure 12(b)(6) is meant to dismiss insufficiently plead and legally deficient claims. *See* Fed. R. Civ. P. 12(b)(6). Dismissal of a complaint under Rule 12(b)(6) is appropriate when a plaintiff does not (1) show an entitlement to relief that is more than mere speculation, or (2) plead facts sufficient enough for the court to infer more than a mere possibility of misconduct on the part of the defendant. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In other words, a plaintiff's claims must show that she is entitled to the relief she seeks. *See* Fed. R. Civ. P. 8(a). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Powell v. Akin Gump Strauss Hauer Feld LLP,* Civil

Action No. 3:17-CV-1726-K-BH, 2018 U.S. Dist. LEXIS 75153, at *13 (N.D. Tex. 2018), App. 315-324. Due to the heightened pleading standard of Fed. R. Civ. P. 8(a), a court need not accept as true any legal conclusions contained within a complaint's allegations. *Iqbal,* 556 U.S. at 678. Thus, while Rule 8 does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

It follows then that the factual allegations must plausibly suggest the plaintiff's claim for relief. *See id.; Bell Atl.,* 550 U.S. at 555. For example, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions" devoid of "further factual enhancement" will not suffice to satisfy the pleading requirements in federal courts. *Id.* (citing *Bell Atl.,* 550 U.S. at 555, 557). In that regard, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl.,* 550 U.S. at 556). The alleged facts must "raise a right to relief above the speculative level." *Powell,* 2018 U.S. Dist. LEXIS 75153, at *14, App. 315-324. Accordingly, when a plaintiff fails to sufficiently plead facts to support a plausible claim, the claim should be dismissed under Rule 12(b)(6).

### B. Dow's Statutory Discrimination Claims Based on Sex and Disability against KWRI (Counts 1-6) are Barred because KWRI is not Dow's Employer.

Dow's Counts 1-6 are statutory employment law discrimination claims pursuant to Title VII, the ADA, and the Texas Labor Code. It is axiomatic that these employment discrimination statutes require an employment relationship before they come into play. 42 U.S.C. § 2000e(f); 42 U.S.C. § 12111(4); TEX. LAB. CODE § 21.002(7). Such a relationship is not present here.

The License Agreements provide that Dow is an independent contractor. An independent contractor is one who, "in pursuit of an independent business, undertakes specific work for another

using his or her own means and methods without submitting to the control of the other person as to the details of the work." *Farlow v. Harris Methodist Fort Worth Hosp.,* 284 S.W.3d 903, 910, 911 (Tex. App.—Fort Worth 2008, pet. denied). It is well settled that "a contract expressly providing that a person is an independent contractor is determinative of the relationship absent evidence that the contract is a mere sham or subterfuge designed to conceal the true legal status of the parties or that the contract has been modified by a subsequent agreement by the parties." *Domino's Pizza, L.L.C. v. Reddy,* No. 09-00058-CV, 2015 Tex. App. LEXIS 2578, *4-5 (Tex. App.—Beaumont Mar. 19, 2015, pet. denied) (citing *Farlow v. Harris Methodist Fort Worth Hosp.,* 284 S.W.3d 903, 910 (Tex. App.—Fort Worth 2008, pet. denied)), App. 299-307. Further, in the realm of a franchisor–franchisee independent contractor relationship, a franchisor's retention of certain rights, such as the right to terminate the franchise agreement under certain circumstances, the right to receive financial reports, the right to visit the franchise and conduct inspections, and the right to require certain operational standards, does not change the nature of the relationship. *See id.* at *14 (citing *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 295 (Tex. 2004) ("It has long been the rule that a right to receive reports is not a right to control."); *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 606-07 (Tex. 2002) (rejecting argument that Dow Chemical had a right to control by virtue of requiring Bright to comply with Dow Chemical's rules and regulations); *Ellwood Tex. Forge Corp. v. Jones*, 214 S.W.3d 693, 700 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (noting that a right to inspect progress is insufficient to establish a right of control); *Bell v. VPSI, Inc.*, 205 S.W.3d 706, 714, 720 (Tex. App.—Fort Worth 2006, no pet.) (having the right to terminate an agreement and requirements for compliance with applicable practices, laws, and regulations that relate to performance of the agreement are not evidence of a right to control the details of the work).

The License Agreements at issue state clearly that Dow is an independent contractor and confirm that she is running independently owned and operated businesses. Pursuant to the License Agreements, Dow is responsible for maintaining her payroll and accounts; maintaining business records; hiring her own staff; managing the day-to-day operations of the business; training her own staff; and maintaining her own insurance policies. Pursuant to the agreements, KWRI does not control who or how Market Centers employ or affiliate with individuals. Nor does KWRI control the day-to-day activities of the Market Centers or share bank accounts, books, accounting records, payroll accounts, personnel records, or tax identification numbers with KWRI. (Exhibit A, ¶ 9.01(a), App. 27; Exhibit B, ¶ 10.01(a), App. 144; Exhibit C, ¶ 10.01(a), App. 241). The License Agreements signed between these entities and KWRI all provide that the entities are separate from KWRI and that the License Agreements do not create a fiduciary or other special relationship between the parties. (Exhibit A, ¶ 18.01, App. 51; Exhibit B, ¶19.01, App. 168; Exhibit C, ¶ 19.01, App. 266). Instead, the Market Centers are independent contractors and must hold themselves out to the public as independently owned and operated businesses operating pursuant to a license granted by KWRI. (Exhibit A, ¶ 18.01; Exhibit B, ¶19.01; Exhibit C, ¶ 19.01). Dow's pleadings with respect to the alleged employment relationship are conclusory and do not overcome the plain language of the controlling License Agreements.

In short, Dow's pleadings and the License Agreements do not establish that KWRI, as franchisor, exerted control over its franchisees in such a way that the independent contractor relationship was a sham or beyond the typical degree of control customary in franchisor/franchisee relationship. *See* Tex. Lab. Code § 21.0022;[3] *Stroup v. MRM Mgmt.*, 2018 Tex. App. LEXIS 8446

[3] Sec. 21.0022. FRANCHISORS EXCLUDED. (a) In this section, "franchisee" and "franchisor" have the meanings assigned by 16 C.F.R. Section 436.1.

*3-4 (Tex. App.—Austin, aff. opinion) (citing *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 588-90, 592 (Tex. 1964)), App. 325-330. Because KWRI did not employ Dow, her statutory discrimination claims pursuant to Title VII, the ADA, and the Texas Labor Code fail as a matter of law. *See Farlow*, 284 S.W.3d at 910, 911.

### C. Dow's Statutory Discrimination Claims against KWRI (Counts 1-6) are Time Barred and Not Saved by Her Conclusory Allegations.

The timely filing of a charge of discrimination is a prerequisite to relief under Title VII (and by extension the ADA and the Texas Labor Code).[4] *See Jackson v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 2002 U.S. App. LEXIS 29400, *7-10 (5th Cir. 2002) (Title VII), App. 308-314. Dow's claims regarding alleged sexual misconduct/harassment center on defendant John Davis and his alleged misbehavior over the course of twenty years. But Dow admits that John Davis left KWRI in December 2018, the latest his alleged misconduct could have occurred. [Dkt. 53, n. 27]. And even though Dow suggests, by referring to filings with the Texas Secretary of State, that Davis is somehow still connected to KWRI, Dow pleads no facts beyond 2018 with respect to Davis, who is the only individual that she claims sexually harassed her. Dow admitted that she filed her charge of discrimination against KWRI on December 28, 2020—two years after she contends Davis stopped working for KWRI. [Dkt. 53-1, ¶ 4.18]. (Dow removed from the

(b) For purposes of this chapter, a franchisor is not considered to be an employer of:
(1) a franchisee; or
(2) a franchisee's employees.

(c) With respect to a specific claim for relief under this chapter made by a franchisee or a franchisee's employee, this section does not apply to a franchisor found by a court of competent jurisdiction in this state to have exercised a type or degree of control over the franchisee or the franchisee's employees not customarily exercised by a franchisor to protect the franchisor's trademarks and brand.

[4] Section 21.202 of the Texas Labor Code provides that a discrimination charge must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred, except for sexual harassment which must be filed within 300 days. TEX. LAB. CODE § 21.202(a). Under the Workshare Agreement between the EEOC and the TWC, the time-period to file discrimination charges with the EEOC is 300 days.

Amended Complaint the admission as to the date of her charge in Dkt. 1 and now obscures the date, referring generally to a "timely charge" and referencing continued discrimination and retaliation in a conclusory fashion). Dow's sexual harassment, discrimination, and related allegations (Counts 1, 2, 3, 4) are untimely because they should have been raised in a timely filed charge of discrimination within 300 days of the alleged adverse action. 42 U.S.C. 2000e-5(e)(1).

Likewise, the disability-based claims (Counts 5, 6) focus on the alleged denial of Scott Tolar as operating partner in 2018. [Dkt. 53-1, ¶ 3.79] and Dow's alleged inability to participate in a "legacy" program in November 2018 [Dkt. 53-1, ¶ 3.80]. As noted, the charge was filed December 28, 2020—more than a year after these alleged adverse actions. The disability-based allegations are likewise time-barred. 42 U.S.C. § 2000e-5(e)(1).

Dow alleges ongoing retaliation (Count 2) and failure to provide accommodations on an ongoing basis (Counts 5, 6). However, these allegations are conclusory, and for that reason, fail to state a claim or save her otherwise time-barred claims. *See Ashcroft,* 556 U.S. at 679 (plaintiff must plead facts sufficient for the court to infer more than a mere possibility of misconduct).

### D. Dow's Tortious Interference Claims against KWRI and Keller (Counts 7 and 8) are Time-Barred and Fail on the Merits.

The statute of limitations for tortious interference claims is two years. *See Hill v. Heritage Res.*, 964 S.W.2d 89, 116 (Tex. App.—El Paso 1997, pet. denied). Dow's claims here relate to the 2018 denial of Scott Tolar as operating principal for her businesses, the alleged poaching of agents in the summer of 2019, and other alleged actions by Osborn, Garrett, and Go Management LLC during this time frame that she claims interfered with her businesses. [Dkt. 53-1, ¶¶ 3.879-3.80, 3.84, 4.49-50]. Dow's lawsuit was filed in November 2021. These claims are time-barred.

Additionally, it is settled that to recover on a tortious interference claim, the alleged conduct at issue must be independently tortious or wrongful. *See U.S. Enercorp., Ltd. v. SDC Mont. Bakken Exploration, LLC.*, 966 F. Supp. 2d 690, 704 (W.D. Tex. 2013) (tortious interference with prospective relationships) (citing *Walmart v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001)). KWRI's obligations with respect to Dow and vice versa are governed by the License Agreements, including matters such as the selection of an operating principal for Dow's Market Centers. (Exhibit A, ¶ 5.01(e), App. 14-15; Exhibit B, ¶ 6.01(e), App. 129-130; Exhibit C, ¶ 6.01(e), App. 226-227). Dow has plead only conclusory allegations related to KWRI's alleged tortious interference, if any (most of the allegations relate to the alleged conduct of Osborn, Garrett and/or GOM). Stated differently, Dow has not plead any facts that demonstrate that her claim goes beyond KWRI's lawful exercise of its rights pursuant to the License Agreements. Nor does Dow plead facts specific to Gary Keller to demonstrate that he acted (or failed to act) outside the scope of his role with KWRI. In fact, Dow's allegations as to KWRI and Keller are conclusory and vague. As such, Dow has failed to meet the rigorous pleading requirements of *Twombly* and therefore fails to state a claim for tortious interference.

**E. <u>Dow's Breach of Contract Claim (Count 9) Fails on the Merits as She Fails to Plead that She has Met All Conditions Precedent.</u>**

Dow's breach of contract claim also fails on the merits as she has not plead that she met all conditions precedent to have her License Agreements renewed. Dow incorrectly asserts that the only condition precedent for renewal is having an Operating Principal. *See* Dkt. 53-1, ¶ 4.59 ("KWRI entered into an implied-in-fact contract with to Plaintiff to provide her with a Franchise Agreement . . . if Plaintiff fulfilled the condition precedent of acting as the OP for the Market Centers . . . yet, KWRI has failed to renew Plaintiff's Franchise Agreement"). The License

Agreements contain multiple Renewal Terms aside from having an Operating Principal. (Exhibit A, ¶ 2.02, App. 8-9; Exhibit B, ¶ 3.02, App. 121-122; Exhibit C, ¶ 3.02, App. 218-220). Dow has asserted one condition precedent to the renewal of the Franchise Agreements but has failed to plead that she has met all the conditions precedent necessary to renewal. As such, Dow has failed to state a claim for breach of contract and/or "quasi contract."

**F. <u>Dow's Declaratory Judgment Claim (Count 11) Fails on the Merits.</u>**

Dow's declaratory judgment claim is improper and fails on the merits. In her declaratory judgment count, Dow is restating one of the conditions to recovery under the statutory employment discrimination claims. Dow is essentially asking the Court to rewrite her License Agreements by declaring that she is an employee of KWRI or one or more other defendants. A declaratory judgment cannot be used as an affirmative ground of recovery to revise or alter rights or legal remedies. *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 164 (Tex. 1993) (citing *Emmco Ins. Co. v. Burrows*, 419 S.W.2d 665, 670 (Tex. Civ. App.—Tyler 1967, no writ)) (agreeing with the defendants' argument that declaratory relief was not available to rewrite a contract between the parties, recognizing that declaratory relief is available to declare existing rights, status, or other legal relations). Likewise, nor can a declaratory judgment be used as a mechanism to confer additional substantive rights upon parties. *Lane v. Baxter Healthcare Corp.*, 905 S.W.2d 39, 41 (Tex. App.—Houston [1st Dist.] 1995, no writ). Under a declaratory judgment action, the court may only interpret a contract, not modify its terms. *See Emmco*, 419 S.W.2d at 670 ("As applied to contracts, the purpose of declaratory relief is to obtain an interpretation of the contract, and a decree in such a case may provide 'only for a determination of the purposes intended by the instrument, and not a modification of its terms.'") (citing *Baskind v. Nat'l Sur. Corp.*, 376 Pa. 13,

101 A.2d 645 (1954) (denying request for declaratory relief when the plaintiff sought a declaratory judgment that he was insured under a policy issued to his daughter).

In short, Dow is not an employee of KWRI or Keller as a matter of law. *Supra* IV., B. She is a franchisee/independent contractor/business owner. Dow's declaratory judgment cause of action is improper in this context as she is asking the Court to modify and/or ignore the plain language of the License Agreements.

## V. CONCLUSION

Defendants KWRI and Keller request that this motion be granted, that the Court dismiss all claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that Defendants be awarded such other and further relief to which they may be entitled.

Respectfully submitted,

By: */s/ Kristin Bauer*

Kristin L. Bauer
Texas Bar No. 24006813
Kristin.Bauer@jacksonlewis.com
Claire L. Cook
Texas Bar No. 24086220
Claire.Cook@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400
FX: (214) 520-2008

**ATTORNEYS FOR DEFENDANTS KELLER WILLIAMS REALTY, INC. AND GARY KELLER**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on April 12, 2022.

Michael Y. Kim
Ericha Ramsey Brown
Monica L. Narvaez
Eduardo R. Garza
THE MICHAEL KIM LAW FIRM, PLLC
4236 W. Lovers Lane
Dallas, Texas 75209
mkim@mkimlegal.com
erbrown@mkimlegal.com
mnarvaez@mkimlegal.com
egarza@mkimlegal.com

**Attorneys for Plaintiff**

James T. Drakeley
Laurie N. Patton
SPENCER FANE LLP
5700 Granite Parkway, Ste. 650
Plano, TX 75024
jdrakeley@spencerfane.com
lpatton@spencerfane.com

**Attorneys for Defendant John Davis**

A. Boone Almanza
Tanya Robinson
ALMANZA, BLACKBURN, DICKIE & MITCHELL LLP
2301 S. Capital of Texas Hwy., Bldg. H
Austin, Texas 78746
TRobinson@abdmlaw.com
BAlmanza@abdmlaw.com

**Attorneys For Defendants Go Management LLC, David Osborn, And Smokey Garrett**

*/s/ Kristin Bauer*
Kristin L. Bauer